UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL TYRONE STURGHISS, )<br>)<br>    Plaintiff, )<br>)<br>    v. )<br>)<br>MARK K. LLOYD, )<br>DAVID NEAL RIGGINS, )<br>)<br>    Defendants. ) | No. 1:25-cv-01009-JPH-MKK |

**ORDER TO SHOW CAUSE**

Plaintiff Michael Sturghiss filed a petition for a writ of mandamus against Judges Mark Loyd and David Riggins, the Indiana state-court judges presiding over his ongoing criminal proceedings. Dkt. 1. Such an intervention into his state-court criminal cases would exceed this Court's jurisdiction, and even if it did not, the *Younger* abstention doctrine would require this Court to abstain from entertaining this case. Accordingly, Mr. Sturghiss shall have until **July 3, 2025** to **show cause** why this Court should not deny his petition.

Mr. Sturghiss seeks a writ of mandamus against the two state-court judges pursuant to the All Writs Act, 28 U.S.C. § 1651(a). *Id.* But "as a general rule," federal courts cannot "use [their] power to issue mandamus to a state judicial officer to control or interfere with state court litigation." *In re Campbell*, 264 F.3d 730, 731 (7th Cir. 2001). Doing so would exceed the Court's jurisdiction. *Id.* Here, Mr. Sturghiss seeks a writ ordering Judges Loyd and Riggins to rule on outstanding motions, schedule hearings, and compel

1

prosecutors to provide discovery in Mr. Sturghiss's ongoing criminal cases. Dkt. 1 at 8. Such a writ would "control or interfere with state court litigation," so the Court does not have jurisdiction to issue Mr. Sturghiss's requested writ of mandamus. *In re Campbell*, 264 F.3d at 731.

But even if the Court has jurisdiction to issue this writ of mandamus, the *Younger* abstention doctrine would require the Court to abstain from deciding this case. A federal court's obligation to hear and decide a case within its jurisdiction is "virtually unflagging." *Sprint Comms., Inc. v. Jacobs*, 571 U.S. 69, 78 (2013). An exception to this rule, the *Younger* abstention doctrine, requires federal courts to abstain from deciding cases when the federal claims can be raised in state court and "the prospect of undue interference with state proceedings counsels against federal relief." *Id.*; *see Younger v. Harris*, 401 U.S. 37 (1971). Abstention in these circumstances is required by comity and federalism; specifically, "a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350, 364 (1989) (quoting *Younger*, 401 U.S. at 44). For those reasons, the *Younger* abstention doctrine "preclude[s] federal intrusion into ongoing state criminal prosecutions." *Sprint*, 571 U.S. at 78.

Here, Mr. Sturghiss's petition seeks a writ of mandamus ordering the judges in his ongoing state criminal prosecutions to take certain actions

because, he argues, the judges are violating his federal constitutional rights. *See* dkt. 1. That "resembles the typical *Younger* abstention scenario in that it involves a claim that seeks equitable relief against state proceedings on federal constitutional grounds." *SKS & Assocs., Inc. v. Dart*, 619 F.3d 674, 677 (7th Cir. 2010). Therefore, *Younger* requires the Court to abstain from such an intrusion into Mr. Sturghiss's ongoing state criminal prosecutions. *See Moses v. Kenosha County*, 826 F.2d 708, 710 (7th Cir. 1987) (*Younger* abstention "require[s] the district court to dismiss all claims without prejudice to the plaintiff's right to raise the same contentions in a state tribunal").

Accordingly, Mr. Sturghiss has until **July 3, 2025** to **show cause** why this Court should not deny his petition. If he does not respond by that deadline, his petition will be denied.

**SO ORDERED.**

Date: 6/4/2025

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

MICHAEL TYRONE STURGHISS
1695 Farm Meadow Dr.
Greenwood, IN 46143